IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 1:18-CR-13-WKW |
| | ) | |
| RUDOLPH JAMARION PEACOCK | ) | |
| | ) | |

## **MEMORANDUM OPINION AND ORDER**

Before the court are Defendant Rudolph Jamarion Peacock's timely Objection to the Magistrate Judge's Oral Order Refusing to Accept Mr. Peacock's Guilty Plea (Doc. # 18) and the Government's Response in opposition to the motion (Doc. # 20). After careful consideration, the court finds that the objection is due to be overruled and that the Magistrate Judge's oral order (Doc. # 16) is due to be affirmed.

### I. BACKGROUND

At his initial appearance before the Magistrate Judge on Friday, January 19, 2018, Defendant attempted to plead guilty to a felony drug offense that imposed a minimum sentence of not less than ten years' imprisonment. The Magistrate Judge refused to accept Defendant's guilty plea at that time. The Magistrate Judge expressed his concern to Defendant's newly appointed counsel as to whether the guilty plea would be knowing and voluntary, given that this was not a case "where the charges ha[d] long been expected." (Doc. # 16, at 10 (Tr. of Initial Appearance); *see also* Doc. # 17, at 5–6 (explaining that, based on the serious charges, the court

had delayed the taking of the guilty plea "to make sure that Mr. Peacock wasn't making a rash decision and was not making a plea that was ill-advised and not in his best interests" (Tr. of Arraignment).) To allay this concern, the Magistrate Judge postponed the taking of Defendant's guilty plea to Wednesday, January 24, the date of his arraignment. (Doc. # 16, at 9.) However, in the interim, on Monday, January 22, the Government filed a notice of information pursuant to 21 U.S.C. § 851 alleging three prior felony drug convictions of Defendant. (Doc. # 11; *see also* Doc. # 12 (Am. Notice of Information).) At his arraignment, Defendant pleaded not guilty based partly, if not principally, on the Government's prior filing of the § 851 information by which Defendant faced an enhanced sentence of life imprisonment. (Doc. # 17, at 17.)

## II. DISCUSSION

Defendant appeals the Magistrate Judge's oral order postponing the taking of his guilty plea from January 19 to January 24. Prior to accepting a guilty plea from a criminal defendant, a court must ensure that the requirements of Rule 11(b) of the Federal Rules of Criminal Procedure are met. The Rule 11(b) requirements ensure that the guilty plea is knowing and voluntary. *See generally Gordon v. United States*, 518 F.3d 1291, 1297 (11th Cir. 2008) ("To ensure that a plea is voluntary and knowing, Federal Rule of Criminal Procedure 11(b)(1)(G) states that 'the court must address the defendant personally in open court' before accepting the plea and

2

'inform the defendant of, and determine that the defendant understands . . . the nature of each charge to which the defendant is pleading.' This rule 'imposes upon a district court the obligation and responsibility to conduct a searching inquiry into the voluntariness of a defendant's guilty plea.'"). However, "a defendant has no absolute right under the United States Constitution or under Fed. R. Crim. P. 11 to have his guilty plea accepted by the court." *United States v. Gomez-Gomez*, 822 F.2d 1008, 1010 (11th Cir. 1987) (citations omitted). "It is far better for a court to err on the side of rejecting a valid guilty plea than to violate a defendant's constitutional rights by entering judgment on a defective plea." *Id.* at 1011.

The Magistrate Judge neither clearly erred nor abused his discretion[1] in refusing to accept Defendant's guilty plea at his initial appearance and by continuing the guilty-plea colloquy for three business days. This proceeding was Defendant's first appearance in federal court on a serious drug-distribution offense that carried a ten-year mandatory minimum sentence. It was the first time that a judicial officer had explained the nature of the Indictment to Defendant and the first day he had an appointed attorney representing him. While counsel did meet with Defendant two times earlier that day, she admitted that she had not had the opportunity yet to review the discovery. (*See* Doc. # 16, at 9.) These circumstances support the Magistrate

---

[1] The court need not decide which standard controls. (*See, e.g.*, Doc. # 20 (arguing that the result is the same under the clearly erroneous and abuse-of-discretion standards).)

3

Judge's decision to delay for a brief period the Rule 11 plea procedure to ensure that Defendant's decision to plead guilty was knowing and voluntary.

Defendant's contrary arguments are not persuasive. First, the main decision upon which Defendant relies—*United States v. Martinez*, 486 F.2d 15 (5th Cir. 1973)—is distinguishable. In *Martinez*, the former Fifth Circuit held that the trial court's reason for rejecting the guilty plea—that it might later be subject to a habeas challenge on grounds of a coerced confession—was not a "good reason." *Id.* It explained that Rule 11 "is not designed to discourage the acceptance of guilty pleas merely because the trial judge is uneasy or apprehensive over [the] possibility of a subsequent attack." *Id.* (brackets added). Hence, the trial court had improperly focused on a matter that was collateral to the critical components of Rule 11. Here, the Magistrate Judge's concern was different from the one in *Martinez*. The Magistrate Judge's focus was on a core inquiry under Rule 11(b), namely, whether Defendant's decision was knowing and voluntary. Additionally, the Magistrate Judge merely postponed the taking of the guilty plea; he did not reject the guilty plea outright as the trial court did in *Martinez*. Finally, in *Martinez*, because the defendant and the government had reached the plea deal on the eve of trial, *see id.* at 20–22, it logically follows that the defendant had had ample opportunity to review discovery and discuss the case with his counsel. While the *Martinez* defendant's

4

case was nearing its end, as explained earlier in this Order, Defendant's case was at its beginnings. In short, the *Martinez* decision is of little help to Defendant.

Second, to Defendant's lamentation, because of the Magistrate Judge's action, Defendant now faces an enhanced penalty on his drug-distribution charge. To the extent that Defendant contends that the Magistrate Judge should have permitted him to plead guilty to avoid the potential for an enhanced penalty under § 851, Defendant did not voice this motive at the initial appearance. It also was not something that factored into the Magistrate Judge's calculus to refuse to accept Defendant's guilty plea. (Doc. # 17, at 4 ("My reason for not accepting the plea of guilty . . . had nothing to do with any 851 enhancements being applied or not.").) Moreover, it is questionable whether ultimately Defendant could have solidified a plea of guilty at his first appearance. Upon a proper motion of the Government, the Magistrate Judge would have had grounds to continue the taking of the guilty plea to permit the Government to investigate Defendant's criminal history. *See* 21 U.S.C. § 851 ("Upon a showing by the United States attorney that facts regarding prior convictions could not with due diligence be obtained prior to . . . entry of a plea of guilty, the court may postpone . . . the taking of the plea of guilty for a reasonable period for the purpose of obtaining such facts."). And the Magistrate Judge indicated that he "likely would have granted" such a motion. (Doc. # 17, at 6–7.)

5

In sum, based on all the circumstances, the Magistrate Judge did not clearly err or abuse his discretion in postponing for three business days the taking of Defendant's guilty plea to ensure that Defendant entered it knowingly and voluntarily. In this case, it was "far better for" the Magistrate Judge "to err on the side of rejecting a valid guilty plea than to violate a defendant's constitutional rights by entering judgment on a defective plea." *Gomez-Gomez*, 822 F.2d at 1011.

### III.  ORDER

For the foregoing reasons, it is ORDERED that Defendant's Objection to the Magistrate Judge's Oral Order Refusing to Accept Mr. Peacock's Guilty Plea (Doc. # 18) is OVERRULED and that the Magistrate Judge's oral order (Doc. # 16) is AFFIRMED.

DONE this 20th day of February, 2018.

/s/ W. Keith Watkins
CHIEF UNITED STATES DISTRICT JUDGE